**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
PHYLLIS A. MITCHELL, et. al.,

                    Plaintiffs,

   -against-                                          No. 06-CV-0254
                                                                (DRH)

THE COUNTY OF CLINTON,

                    Defendant.
-------------------------------------------------------X

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

     This case coming on for hearing before the undersigned Judge on December 4, 2009 to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorney's fees and costs; and the Class Members being represented by Class Counsel and Defendant being represented by its attorney; the Court having read and considered the Settlement Agreement, the Notice Plan, Affidavits, and Memoranda of Law submitted by Class Counsel, and having considered the submissions by Class members, now makes the following:

### FINDINGS OF FACT

    1. This action was commenced on February 28, 2006, as a class action.

    2. After years of intensive litigation, including extensive discovery and motion practice before this Court, and including the granting of the Plaintiffs' motion for class

certification, and as a result of intensive, arm's length negotiations between Class Counsel and Defendant, as well as two settlement conferences before the Court, the parties have reached accord with respect to a settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of the claims at issue in this case against the Defendant ("Settlement Agreement"). The resulting Settlement Agreement was preliminarily approved by the Court on March 10, 2009.

     3. As part of the Order Granting Preliminary Approval, this Court approved a proposed Notice Plan and Class Notice, which provided Settlement Class Members notice of the proposed settlement. The Notice Plan provided an opportunity for class members to file objections to the Settlement.

     4. As of the deadline for the filing of objections, no objections were filed. Given the size of this Settlement Class, and the notice plan described above, this Court finds that the absence of objections is indicative of the fairness, reasonableness and adequacy of the Settlement with the Defendant.

     5. The settling Parties have filed with the Court an affidavit from Jose C. Fraga declaring that the mailing of the Court-approved notice and newspaper advertising, consistent with the Notice Plan, has been completed.

     6. The Court finds that the published notice, mailed notice, and Internet posting constitute the best practicable notice of the Fairness Hearing, the proposed Settlement, Class Counsel's application for fees and expenses, and other matters set forth in the Class Notice and the Short Form Notice; and that such notice constituted valid, due, and sufficient notice to all members of the Settlement Class, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the

United States, the laws of New York and any other applicable law.

7. Any persons who wished to be excluded from this Action were provided an opportunity to "opt out" pursuant to the Notice. None have done so.

8. Class Members are bound by the Settlement, the Settlement Agreement and releases contained therein, and the Final Order and Judgment, and do not have any further opportunity to opt-out of the Action.

9. Any class member who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of Final Order and Judgment, or to Plaintiffs' Class Counsel's application for fees, costs, and expenses in accordance with the procedure set forth in the Class Notice and mandated in the Order Granting Preliminary Approval of Settlement, is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

10. On the basis of all of the issues in this litigation and the provisions of the Settlement Agreement, the Court finds that the Settlement is a fair, reasonable, and adequate compromise of the claims against the Defendant in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

    A. The liability issues in this case have been vigorously contested.

    B. The Court notes that for settlement purposes, this Settlement has the benefit of providing relief to Class Members now without further litigation. This Settlement provides Class Members with a substantial monetary benefit.

    C. This Settlement is clearly a byproduct of hard-fought litigation between the parties and not a result of any collusion on the part of Class Counsel or Counsel for the

Defendant.

D. Class Counsel submitted to the Court and served on the Defendant their application for attorney's fees, in the amount of $324,730.93 and expenses in the amount of $10,699.10, consistent with the terms of the Settlement Agreement. This Court has considered Class Counsel's request and hereby grants the request.

E. The claims procedure established under the Settlement Agreement is fair, a simplified process, and workable. In any event, the Court will retain jurisdiction to resolve any unanticipated problems.

Now, therefore, on the basis of the foregoing Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

11. This Court has jurisdiction over the parties and the subject matter of this proceeding.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Subclasses are certified for purposes of final settlement:

**Subclass A:**  All persons who were placed into the custody of the Clinton County Jail after being charged with misdemeanors, violations, violations of probation or parole, traffic infractions, civil commitments or other minor crimes and were strip searched upon their entry into the Jail pursuant to the policy, custom and practice of the Clinton County Sheriff's Department and the County of Clinton from February 28, 2003 until October 24, 2003. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

**Subclass B**:  All persons who were placed into the custody of the Clinton County Jail after being charged with misdemeanors, violations, violations of probation or parole, traffic infractions, civil commitments or other minor crimes and were strip searched upon their entry into the Jail pursuant to the policy, custom and practice of the Clinton County

Sheriff's Department and the County of Clinton from October 24, 2003 until July 1, 2007. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

13. The Settlement Subclass A Representative, Phyllis Mitchell, is entitled to and is hereby awarded a payment of $25,000.00 in recognition of her efforts in connection with this lawsuit, which included declining an offer of judgment of $24,000.00. The Settlement Subclass B representative, Paul Bachmann, is entitled to and is hereby awarded a payment of $10,000.00 in recognition of his efforts in connection with this lawsuit, and Peter Deciccio, who provided substantial assistance to the Class and agreed to serve as class representative, is entitled to and is hereby awarded $2,500.00.

14. The Court grants final approval of the Settlement Agreement as being fair, reasonable, and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

15. The request for attorney's fees is reasonable.

Now, therefore, on the basis of the foregoing Findings of Fact and Conclusions of Law, it is hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Motion for Final Approval of the Proposed Settlement (Docket No. 134) is **GRANTED**.

2. The Settlement Subclass A Representative, Phyllis Mitchell, is awarded $25,000.00; the Settlement Subclass B representative, Paul Bachmann, is awarded $10,000.00; and Peter Deciccio, is awarded $2,500.00.

3. The Class Counsel's application for attorney's fees and expenses is **GRANTED**.

4. This Action and all claims against the Settling Defendant are hereby **DISMISSED**

5

with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Class Members to interpret and enforce the terms, conditions, and obligations of the Settlement Agreement.

5. All Class Members who have not timely filed an opt-out request are barred and enjoined from commencing and/or prosecuting any claim or action against the Defendant. Any Class Member who has not timely filed a request to exclude themselves shall be enjoined from initiating and/or proceeding as a class action in any forum.

6. The parties will confer regarding any rejected claimant who submits additional information and finalize the list of Class Members filing claims on or before **December 14, 2009**. After **December 14, 2009**, the list of valid claims will be final.

**IT IS SO ORDERED.**

DATED:  December 4, 2009
          Albany, New York

_____
David R. Homer
U.S. Magistrate Judge